EDWARD EADY, plaintiff in error, *vs.* CLARRISSA WINGATE, defendant in error.

To charge upon a point not warranted by the evidence is error.

New trial.    Charge of Court.    Before Judge STROZER. Worth Superior Court.    November Term, 1873.

For the facts of this case, see the decision.

Eady *vs.* Wingate.

W. A. HARRIS; WARREN & ELY, by brief, for plaintiff in error.

SMITH & JONES, for defendant.

WARNER, Chief Justice.

The plaintiff brought an action against the defendant on an open account for the sum of $260 15.   The defendant filed a plea of set-off for the sum of $96 34, and also a plea of recoupment, in which she alleged the plaintiff had damaged her $200 00 in consequence of his neglect and failure to properly cultivate her farm and gather the crop thereon during the year 1870.   On the trial of the case the jury, after hearing the evidence for both parties and the charge of the court, returned a verdict in favor of the defendant for the sum of $6 55.   A motion was made for a new trial on the grounds that the verdict was contrary to the weight of the evidence, and for error in the charge of the court, which motion was refused on condition that the defendant would write off from her verdict the said sum of $6 55.   Whereupon, the plaintiff excepted.   The court charged the jury "that if there was a contract between plaintiff and defendant by which the plaintiff was to use the horses of defendant for a particular purpose, then he had no right to use them for any other purpose, and that if he did, he was liable to pay for the use of them."   One of the questions in dispute between the parties, was whether the plaintiff was liable to pay the defendant for the use of her horses the amount charged by her therefor.

In looking through the record we fail to discover any evidence of any *contract* between the parties in relation to the use of the defendant's horses by the plaintiff for any purpose. This charge of the court having been made on an assumed state of facts not authorized by the evidence, was error, and we reverse the judgment on that ground, which we do the more readily because we are not satisfied that the verdict was right under the evidence in the case.

Let the judgment of the court below be reversed.